UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2025

KENNETH FRISCO,

                                Plaintiff,

                -against-

THE CITY OF NEW YORK and THE
DEPARTMENT OF CORRECTIONS,

                                Defendants.

23-cv-8915 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who is proceeding *pro se*, has failed to comply with court orders and to take any action to prosecute this case for more than eight months. The Court has afforded Plaintiff leniency and has issued repeated warnings about the risk of sanctions, including two Orders To Show Cause why the case should not be dismissed for failure to prosecute [ECF Nos. 18, 19; *see* ECF No. 17]. Plaintiff, however, has failed even to respond to the Court's Orders To Show Cause, much less to prosecute his case in accordance with court orders. Accordingly, for the reasons set forth below, this case is dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and comply with court orders.

## I.    BACKGROUND

Plaintiff, proceeding *pro se*, initiated this case in October 2023 by filing a complaint against the City of New York and the New York City Department of Corrections [ECF No. 1]. Thereafter, the Court issued an Order of Service in which the Court dismissed the claims against the New York City Department of Corrections [ECF No. 4 ("Order of Service")]. *See* N.Y. City Charter ch. 17, § 396 (providing that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except

1

where otherwise provided by law").  In the same Order, the Court requested that the City waive service of summons.  *See* Order of Service.  The City appeared and filed a pre-motion letter seeking leave to file a motion to dismiss the complaint [ECF No. 9].

In an Order dated February 29, 2024, the Court granted the City's request for leave to file a motion to dismiss [ECF No. 10 ("February 2024 Order")].  In the same Order, the Court *sua sponte* granted Plaintiff leave to amend to his complaint to address any deficiencies identified by the City in its pre-motion letter.  February 2024 Order at 1.  The Court warned Plaintiff that "failure to file an amended complaint" by the court-ordered deadline would "be deemed a waiver" of the opportunity to amend in response to the pre-motion letter.  *Id.* (emphasis omitted).  The Court also directed Plaintiff to file an opposition to the motion to dismiss by May 7, 2024.  *Id.* ("**Plaintiff shall file an opposition**") (emphasis in original).

Plaintiff did not file an amended complaint by the deadline the Court set.  The City timely filed a motion to dismiss and appropriate notices to the *pro se* plaintiff [ECF Nos. 11, 12, 13, 14]. Plaintiff did not file an opposition to the motion to dismiss by the May 7, 2024 deadline, nor has he filed an opposition since then.

One week after the deadline for Plaintiff's opposition, on May 14, 2024, the City filed a letter requesting that its motion to dismiss be deemed fully submitted because Plaintiff had failed to file a timely opposition [ECF No. 15].  Thereafter, Plaintiff sent a letter dated June 5, 2024 and addressed to the Pro Se Office [ECF No. 16 ("June 2024 Letter")].  In his June 2024 Letter, Plaintiff asked about the status of the case, stated that he had "found a person to assist" him in the litigation, and requested an extension of time and leave to amend the complaint.  June 2024 Letter.

The Court responded to both parties' letters in an Order dated June 18, 2024 [ECF No. 17 ("June 2024 Order"). The Court denied the City's request to treat its motion as fully briefed, citing its obligation to grant a *pro se* litigant "special leniency." June 2024 Order at 2 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). In response to Plaintiff's letter, the Court summarized the status of the case and set a deadline for any notice of appearance by an attorney. *See id.* at 1–2. The Court also granted Plaintiff's belated request for another opportunity to amend the Complaint and set a new deadline for Plaintiff to oppose the City's pending motion to dismiss if Plaintiff did not file an amended complaint. *See id.* at 2.

In its June 2024 Order, the Court expressly warned Plaintiff that failure to comply could result in dismissal of this action. Specifically, the Court wrote:

> **Plaintiff is on notice that failure to comply with this Order and file either an amended complaint, or an opposition to Defendant's motion by July 26, 2024 might result in dismissal of this action, with prejudice, for failure to comply with court orders and prosecute this case.**

June 2024 Order at 2 (emphasis in original). The Court warned Plaintiff that he was required to comply with the deadline to amend his complaint or oppose the City's motion whether or not an attorney appeared on his behalf. *Id.* at 2. The Court also warned Plaintiff that "'*pro se* status does not exempt a party from compliance' with court orders." *Id.* (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

Plaintiff did not file either an amended complaint or an opposition to the City's motion to dismiss by the Court-ordered deadlines, nor at any time thereafter. No attorney has filed a notice of appearance for Plaintiff in this action. Plaintiff, moreover, has taken no action to prosecute his case since writing his June 2024 Letter more than eight months ago.

As such, on August 1, 2024, the Court issued an Order To Show Cause why this case should

not be dismissed for failure to comply with court orders and to prosecute this case [ECF No. 18 ("First OTSC")]. The Court explained that it had "set several deadlines" for Plaintiff to either amend his complaint or oppose the City's motion to dismiss and had warned Plaintiff that "failure to comply . . . might result in dismissal" but Plaintiff had "ignored" those deadlines and the Court's prior warning. First OTSC at 1. As such, the Court directed Plaintiff simply to "file a letter" in response to the Court's Order To Show Cause and noting that the Court was "taking Plaintiff's *pro se* status into account by giving him plenty of time to respond." *Id.* The Court reminded Plaintiff, however, that his *pro se* status did not exempt him from his obligations to comply with court orders and prosecute his case. *See id.* at 1–2. The Court expressly warned Plaintiff, in bold typeface: "**Failure to comply with this Order To Show Cause and file a response by August 15, 2024 will result in dismissal of this action, with prejudice, for failure to comply with court orders and prosecute this case.**" *Id.* at 2 (emphasis in original).

Plaintiff did not file a letter in response to the Court's First Order To Show Cause or take any other action to prosecute this case.

The Court declined to sanction Plaintiff at that point. Instead, in an effort to prompt Plaintiff to prosecute his case, the Court issued a Second Order To Show Cause [ECF No. 19 ("Second OTSC")]. The Court again explained that Plaintiff had "ignored several of this Court's Orders" and "failed to prosecute his case for several months." Second OTSC at 1. The Court set another deadline for Plaintiff simply to "file a letter" showing cause why the case should not be dismissed for failure to prosecute and comply with court orders. *Id.* The Court warned Plaintiff in bold, capital letters: "**THIS IS PLAINTIFF'S FINAL CHANCE TO AVIOD DISMISSAL WITH PREJUDICE.** There will not be another warning." *Id*. at 1–2 (emphasis in original).

4

Plaintiff did not file a letter in response to the Court's Second Order To Show Cause or take any other action to prosecute this case. On January 8, 2025, the City filed a letter requesting that the Court either dismiss this case for failure to prosecute and comply with court orders, or deem its motion to dismiss fully briefed [ECF No. 20]. Plaintiff did not respond to the City's letter or take any other action to prosecute this case.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a harsh sanction, and a district court may dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme circumstances. *See Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014); *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)); *LeSane*, 239 F.3d at 209. However, the Secord Circuit has held that a district court is within its discretion to impose the harsh sanction of dismissal for failure to prosecute where, as here, a *pro se* plaintiff causes significant delay, receives notice that he faces dismissal, and fails to respond to the threat of dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008).

The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's

interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216.

The Court has carefully weighed all of these factors and concludes that dismissal is clearly warranted. The first factor, the duration of Plaintiff's failure to prosecute or comply with court orders, weighs in favor of dismissal. As explained above, Plaintiff has taken no action whatsoever to prosecute this case for more than eight months, since he filed his June 2024 Letter. Moreover, Plaintiff's period of noncompliance is longer, since he filed his June 2024 Letter after failing to meet the original May 2024 deadline to oppose the City's motion to dismiss. The Second Circuit has held that shorter periods of noncompliance or inaction supported dismissal. *See Ruzsa*, 520 F.3d at 177 (ruling, in a *pro se* case, that a seven-month period of inaction was a delay of significant duration for purposes of dismissal pursuant to Rule 41(b)); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980).

Second, the Court has clearly and repeatedly put Plaintiff on notice that failure to comply with court orders and prosecute this case might result in dismissal, including two Orders To Show Cause why the case should not be dismissed for failure to prosecute [ECF Nos. 17, 18, 19]. As explained above, in its June 2024 Order, the Court expressly warned Plaintiff that failure to comply with court orders might result in dismissal. *See* June 2024 Order. Thereafter, in its First Order To Show Cause, the Court warned Plaintiff that failure to file a letter in response to the Order To Show Cause *would* result in dismissal. *See* First OTSC at 2. In its Second Order To Show Cause, the Court warned Plaintiff again, stating that it was his "**FINAL CHANCE TO AVIOD DISMISSAL**" and there would not be "another warning." Second OTSC at 1–2 (emphasis in original). These warnings "indisputably gave [Plaintiff] notice" that his case "would be dismissed

for future transgressions." *Mitchell*, 708 F.3d at 468. Yet Plaintiff, nevertheless, declined simply to file a letter in response to the Court's Orders To Show Cause.

Third, the Court concludes that Defendant is likely to be prejudiced by further delay. The City's motion to dismiss has been pending for approximately ten months [ECF No. 11]. The Court denied the City's original request to deem its motion fully submitted when Plaintiff failed to file an opposition by the first Court-ordered deadline. *See* June 2024 Order. Indeed, the Court has refused to dismiss this case before extending Plaintiff several opportunities to amend his pleading and oppose dismissal. As such, because of Plaintiff's failures to comply with court orders, this case has been stalled at the pleading stage for more than sixteen months. Discovery has not yet begun. If the Court were to deny the City's motion to dismiss at this point, the City could be prejudiced in its ability to mount a defense because the events at issue have begun to grow stale while Plaintiff has failed to prosecute his case. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (noting that evidence becomes increasingly unlikely to be available as time passes).

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs in favor of dismissal. The Second Circuit has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). The Court has hundreds of cases and cannot spend its days attempting to prompt plaintiffs to prosecute them. The Court has given Plaintiff "ample opportunity" to be heard, *Ruzsa*, 520 F.3d at 178, including opportunities to amend, to oppose the motion to dismiss, and to simply

file a letter stating that the case should not be dismissed for failure to prosecute. Plaintiff failed to take those opportunities.

Finally, the Court has carefully considered lesser sanctions. *See Baptiste*, 768 F.3d at 216. Because Plaintiff is *pro se*, the Court cannot simply impose monetary fines on counsel. Moreover, "in light of [Plaintiff's] failure to respond to the notice[s] threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case." *Ruzsa*, 520 F.3d at 178. The Court could sanction Plaintiff by deeming the City's motion unopposed. However, such a sanction might yield precisely the same result (dismissal). Alternatively, the Court might, yet again, refuse to dismiss a case that Plaintiff refuses to prosecute, further burdening the Court and the City. Given that Plaintiff declined simply to file a letter in response to two Orders To Show Cause threatening dismissal, the Court finds that dismissal is the appropriate sanction. *See Ruzsa*, 520 F.3d at 178.

### III.    CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that this case is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court respectfully is requested to terminate all open motions and to close this case.

**SO ORDERED.**

**Date:  February 19, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

8